**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

CASE NO: 14-03569-JAF

**KENNETH G. WEAR**
**LORY D. WEAR**

    **Debtor(s).**
_____/

### FIRST AMENDED CHAPTER 13 PLAN

The debtors submit the following **sixty (60) month (August, 2014 - July, 2019)** Chapter 13 plan:

1. The projected disposable income of the debtors is submitted to the supervision and control of the trustee, and the debtors shall pay to the trustee the sum of **$1,000.00 per month for 60 months**.

2. From the payments so received, the trustee shall make disbursements as follows:

  **A.   Administrative/Priority Claims**:

  (1)  The fees and expenses of the trustee according to law.

  (2)  The debtors owe their attorney, Robert J. Corcoran, $1,500.00 in attorney fees. The trustee shall satisfy this claim at the rate of **$125.00 per month in months 1 through 12 (total of $1,500.00)**. During the applicable commitment period of months 1 through 60, the trustee shall also pay debtor's attorney, Robert J. Corcoran, an additional **$25.00 per month** administrative fee.

  **B.   Secured Claims**:

  (1)  JPMorgan Chase Bank, N.A. holds a mortgage on real property owned by the debtors (522 Tina Ave., Inverness, FL). The payments on the note are current. The debtors shall pay the regular monthly payment to this creditor outside of this plan. In compliance with the requirements of 11 U.S.C. §1326(a)(4), the collateral is insured by Tower Hill Prime Insurance Company.

  (2)  The Tax Collector for Citrus County, Florida holds a lien on real property owned by the debtors (522 Tina Ave., Inverness, FL, AK#: 1762812) for ad valorem taxes. The tax payments are current. Payment of ongoing ad valorem taxes on this account are included in the regular monthly mortgage payment through escrow withholding and shall be paid by the mortgage lender outside of this plan.

  (3)  Fidelity Bank (P.O. Box 105075, Atlanta, GA 30348, Acct. No. ending in: 7969) holds a lien on a 2012 Toyota Camry owned by the debtors. Pursuant to 11 U.S.C. §1325(a)(5)(B), the trustee shall satisfy this claim in full by paying this creditor **$490.05 per month in months 1 through 48 (total of $23,522.40)**, which is the present value of its entire claim of $21,708.22 at the 3.99% annual contractual discount rate. Adequate protection payments shall be paid in accordance with law pursuant to these terms. In compliance with the requirements of 11 U.S.C. §1326(a)(4), the collateral is insured by Southern-Owners Insurance Company.

  (4)  Suncoast Credit Union (P.O. Box 11904, Tampa, FL 33680, Acct. No. ending in: 7321) holds a lien on a 2006 Honda Civic owned by the debtors. The collateral has a value of $8,050.00. Pursuant to 11 U.S.C. §1325(a)(5)(B), the trustee shall pay this creditor **$186.30 per month in months 1 through 48 (total of $8,942.40)**, which is the present value of its secured claim at a

5.25% annual discount rate.  The balance of the claim shall be unsecured.  Adequate protection payments shall be paid in accordance with law pursuant to these terms.  In compliance with the requirements of 11 U.S.C. §1326(a)(4), the collateral is insured by Southern-Owners Insurance Company.

(5)  Capital One Retail Services, a division of Capital One Financial Corp., holds a lien on a 2009 Yamaha Road Star 1700 motorcycle owned by the debtors.  Pursuant to 11 U.S.C. §1325(a)(5)(C) and applicable state law, the debtors surrender their interest, if any, in the collateral satisfying the claim in full.

(6)  Bank of America, N.A. has filed a secured claim on a repossessed 1999 Gulfstream motor home owned by the debtors.  Pursuant to 11 U.S.C. §1325(a)(5)(C) and applicable state law, the debtors surrender their interest, if any, in the collateral satisfying the claim in full.

(7)  If the plan does not make provision for payment of a timely filed secured claim, the debtors surrender their interest, if any, in the collateral satisfying the claim in full unless the plan is modified to provide for payment of the claim within thirty (30) days after the claims bar date.  If the plan is not modified to provide for payment of the claim within thirty (30) days after the claims bar date, the creditor is granted in rem stay relief to pursue available state court remedies against the collateral.

**C.  Unsecured Claims**:  The trustee shall pay the remaining sums pro-rata to those creditors whose claims are timely filed and allowed in full satisfaction thereof.

3.  The debtors hereby reject and do not assume any executory contracts or unexpired leases.  Confirmation of this plan shall constitute an adjudicatory finding that any binding arbitration or alternative dispute resolution clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtors and/or the Chapter 13 Trustee.

4.  All secured creditors, except as provided above, shall retain their liens to the extent permitted by 11 U.S.C. §506(d).  Title to all property of the estate shall revest in the debtors upon confirmation of the plan.

5.  Any claims filed or amended after the "Deadline to File a Proof of Claim" contained in the Notice of Bankruptcy Case shall receive no distribution under this plan unless specifically provided for above.  Upon confirmation of this plan, the debtors are deemed to have fulfilled all the requirements of 11 U.S.C. §521(a) as a matter of law and this case shall not be subject to automatic dismissal under 11 U.S.C. §521(i).  Standard insurance company renewal notices to the loss payee shall fulfill the requirement of 11 U.S.C. §1326(a)(4) to provide ongoing evidence of required insurance coverage.  Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the debtors' completion of the plan, unless specifically provided for in the plan, or by further order of Court on motion filed prior to completion of the plan.  Upon successful completion of payment forty-eight (48) of the plan, the titles to the 2012 Toyota Camry and 2006 Honda Civic contained in paragraphs B(3) and B(4) above shall be released to the debtors free and clear of any liens or encumbrances.

Dated September 9, 2014.

/s/ Robert J. Corcoran
ROBERT J. CORCORAN
Law Firm of Robert J. Corcoran, P.A.
Attorney for Debtors, FBN: 0986208
538 N. Citrus Avenue
Crystal River, FL 34428
(352) 564-1600
corcoranlaw@gmail.com