UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:14-bk-03569-JAF
Chapter 13

IN RE:
KENNETH G WEAR
LORY D WEAR
_____/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on December 2, 2014 that the Plan complies with the provisions of 11 U.S.C. §1325, it is

ORDERED:

1. The Plan, dated September 9, 2014, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $1,000.00 each month for months 1 - 60. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

6. The Trustee shall make full disbursements in the following order:

   a. Commissions and costs as the Court may from time to time approve.

   b. Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

   c. Any claim or amended claim filed after November 24, 2014, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13 Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the Debtors or in any other entity provided for by the Debtors in the terms of the confirmed chapter 13 plan upon discharge of the Debtors or, in the alternative, upon dismissal of the case.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

    a. Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtors and Debtors' counsel.

    b. Upon receipt of the Notice, the Trustee shall take the following action:

        (1) If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

KENNETH G WEAR  
LORY D WEAR                                                                                          CASE NO: 3: 14-bk-03569–JAF

(2) If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

16. Upon the entry of this Order, as to any interest in any collateral that is surrendered by the terms of this plan and/or any secured claim that is paid outside the terms of the plan, the automatic stay imposed by 11 U.S.C. §362 and the stay of the action against co-debtor by 11 U.S.C. §1301 is lifted. Further, as to any interest in any collateral that is surrendered by the confirmed plan and/or any secured claim paid outside the terms of the plan, the creditor may proceed with obtaining *in rem* relief as allowed by law as to the property described in the plan as being the collateral subject of their security interest.

KENNETH G WEAR
LORY D WEAR                                                                    CASE NO: 3: 14-bk-03569–JAF

17. A Discharge of the Debtor(s) will be entered as soon as practicable after completion by the debtor(s) of all payments under the plan, subject to the applicable requirements contained in 11 U.S.C. §1328, including but not limited to, domestic support obligation certifications contained in §1328 (a) and certification of the completion of an approved instructional course concerning personal financial management set forth in §1328(g)(1).

DATED this January, 7, 2015 in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
All interested parties


Douglas W. Neway, the Chapter 13 Standing Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A
## CASE NO: 3:14-bk-03569-JAF
## KENNETH G WEAR and LORY D WEAR
### Chapter 13

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
|  | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
|  | ROBERT J CORCORAN JR, ESQUIRE | Priority | $3,000.00 | $3,000.00 | $150.00<br>$25.00 | 1 - 12<br>13 - 60 |
| *Claim Notes:* *No claim filed.* | | | | | | |
|  | CITRUS COUNTY TAX COLLECTOR | Secured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes:* *No claim filed. Claim paid outside of plan.* | | | | | | |
| 01 | DISCOVER BANK | Unsecured | $5,353.98 | $5,353.98 | ProRata | |
| 02 | DISCOVER BANK | Unsecured | $1,613.80 | $1,613.80 | ProRata | |
| 03 | SUNCOAST CREDIT UNION | Secured | $8,050.00 | $8,942.40 | $186.30<br>$0.00 | 1 - 48<br>49 - 60 |
| 03 | SUNCOAST CREDIT UNION | Unsecured | $17,139.75 | $17,139.75 | ProRata | |
| 04 | FIDELITY BANK | Secured | $21,708.22 | $23,522.40 | $490.05<br>$0.00 | 1 - 48<br>49 - 60 |
| 05 | UNITED STATES DEPARTMENT OF EDUCATION | Unsecured | $14,176.33 | $14,176.33 | ProRata | |
| 06 | BANK OF AMERICA NA | Secured | $25,919.83 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered. In Full Satisfaction* | | | | | | |
| 07 | ECAST SETTLEMENT CORPORATION | Unsecured | $9,306.28 | $9,306.28 | ProRata | |
| 08 | PORTFOLIO RECOVERY ASSOCIATES | Unsecured | $3,554.67 | $3,554.67 | ProRata | |
| 09 | CERASTES,LLC | Secured | $11,750.95 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered. In Full Satisfaction* | | | | | | |
| 09 | CERASTES,LLC | Unsecured | $1,270.00 | $0.00 | ProRata | |
| *Claim Notes:* *Collateral Surrendered. In Full Satisfaction* | | | | | | |
| 10 | PORTFOLIO RECOVERY ASSOCIATES | Unsecured | $8,508.03 | $8,508.03 | ProRata | |
| 11 | JPMORGAN CHASE BANK, NA | Secured | $79.79 | $0.00 | $0.00 | |
| *Claim Notes:* *Mortgage Arrearage. Claim paid outside of plan.* | | | | | | |

**EXHIBIT A**
**CASE NO: 3:14-bk-03569-JAF**
**KENNETH G WEAR and LORY D WEAR**
**Chapter 13**

| | | | | | |
|---|---|---|---|---|---|
| 11 | JPMORGAN CHASE BANK, NA | Secured | $126,184.56 | $0.00 | $0.00 |

**Claim Notes:** *Claim paid outside of plan.*

| Debtor Payment Schedule | | |
|---|---|---|
| StartDate | Number of Months | PaymentAmount |
| August 23, 2014 | 1 - 60 | $1,000.00 |

Copies to:
Debtors
Robert J Corcoran Jr, Esquire
Douglas W. Neway, Trustee
All Interested Parties